UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO OROZCO, CDCR #BI-6982,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>C. MADDEN, Warden, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22cv1732-RBM (DDL)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

　　　　Plaintiff Ricardo Orozco, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to proceed In Forma Pauperis ("IFP").  (ECF Nos. 1-2.)

**I.　　Motion to Proceed IFP**

　　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  See 28 U.S.C. § 1914(a).  The action may proceed despite a failure to prepay the

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

1

entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1) & (4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).  Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate which indicates that during the six months prior to filing suit Plaintiff had an average monthly balance of $0.00, average monthly deposits of $0.00, and had an available balance of $0.00 in his account at the time he filed suit.  (ECF No. 2 at 7.)

Plaintiff's Motion to Proceed IFP is **GRANTED** without imposition of an initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")  Plaintiff remains obligated to pay the $350.00 filing fee in monthly installments.  *Bruce*, 577 U.S. at 84.

II.   Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

   A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  See *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

 "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); see also *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation

marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Plaintiff's Allegations

Plaintiff claims violations of his federal constitutional rights to due process and access to the courts while incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (ECF No. 1 at 3-5.) He alleges that the Superior Court of Hamilton, Indiana sent him a letter on April 12, 2022, which he never received. (*Id*. at 4.) He alleges that he was "misled" regarding a scheduled April 21, 2022 court hearing which was supposed to be conducted via Zoom video conference, but which was instead conducted over the telephone. (*Id*. at 3.)

Plaintiff contends Defendants Warden Madden, Assistant Warden Payne, Assistant Warden Secretary Garcia, and an unnamed Litigation Coordinator are responsible in a supervisory capacity for their employees' alleged misconduct. (*Id*. at 2-4.) Plaintiff alleges that although Defendant Garcia told him the letter from the Superior Court was returned by the United States Postal Service and not the RJD mailroom, Plaintiff's efforts to confirm that fact or otherwise obtain relief through the prison grievance system failed. (*Id*. at 4.)

Although there are no further details alleged in the body of the Complaint, Plaintiff incorporates by reference attachments to the Complaint consisting of inmate grievances and responses thereto. (ECF No. 1-2.) These documents indicate that as a result of the court hearing being held by telephone rather than video conference: "I don't think I will be able to overturn the decision the court order[ed]," and: "By missing this court hearing it has leaving [sic] me with a harmful severe effect in my life." (*Id*. at 2, 9.) Plaintiff contends he has been incarcerated at RJD since November 14, 2021, and has received 3 letters from the Hamilton, Indiana Superior Court without any delivery problems. (*Id*. at 6.) Plaintiff requests monetary damages as well as an injunction preventing Defendants from retaliating against him or transferring him to another prison. (ECF No. 1 at 7.)

C.    Analysis

Plaintiff claims he was denied his rights to due process rights and access to the courts by: (1) being required to attend a court hearing via telephone rather than via video conference as scheduled by the court, (2) the failure of RJD to ensure that a letter addressed to him from the court was delivered, and (3) the unacceptable responses to his inmate grievances regarding those issues. Rather than name as Defendants the individuals directly responsible for those actions, Plaintiff claims the four named Defendants, the Warden, an Assistant Warden, an Assistant Warden Secretary, and an unnamed Litigation Coordinator at RJD, are liable as supervisors of the persons responsible.

### 1. Access to Courts

Prisoners have a federal constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 354 (1996). To state a claim for denial of access to the courts, Plaintiff must allege "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Id.* at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as an "inability to file a complaint or defend against a charge.") The nature and description of the underlying claim must be set forth in a complaint "just as if it were being independently pursued." *Christopher v. Harbury*, 536 U.S. 403, 417 (2002).

Plaintiff fails to plausibly allege he suffered an "actual injury." Rather, he alleges that the failure to deliver his superior court letter and the holding of a court hearing via telephone rather than video conference had the following results: "I don't think I will be able to overturn the decision the court order[ed]," and: "By missing this court hearing it has leaving [sic] me with a harmful severe effect in my life." (ECF No. 1-2 at 2, 9.) These allegations of actual injury are entirely conclusory and do not plausibly allege "inability to file a complaint or defend against a charge." *Jones*, 393 F.3d at 936; *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'nonfrivolous legal claim had been frustrated' is fatal" to an access to courts claim), quoting *Lewis*, 518 U.S. at 353 & n.4; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice" to state a 42 U.S.C. § 1983 claim.)  If Plaintiff wishes to proceed with an access to courts claim, he must set forth facts which plausibly allege in a non-conclusory manner that he has suffered an "actual injury" as a result of his court hearing being held via telephone rather than video conference or his legal mail being returned as undeliverable.  *See Harbury*, 536 U.S. at 417 (the nature and description of the underlying non-frivolous claim which was lost or frustrated must be set forth in the complaint "as if it were being independently pursued.")

### 2. Due Process

With respect to Plaintiff's claim that his court appearance via telephone violated his procedural due process rights because he should have appeared via video conference, the Supreme Court "has assumed that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge."  *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (internal quote marks omitted); *see also Warner v. Cate*, 12cv1146-LJO-MJS (PC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015) ("Because a witness testifying by video is observed directly with little, in any, delay in transmission, . . . courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings."), citing *Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir. 2000) (telephonic appearance appropriate where witness was in Missouri and hearing held in San Diego and appropriate safeguards were in place to adequately assess witness's credibility and prevent impairment of cross-examination.)  Assuming Plaintiff has plausibly alleged a right to appear via video rather than telephone, his allegations that his inability to appear at his court hearing via video resulted in a lack of confidence in being "able to overturn the decision the court" and as having left him "with a harmful severe effect in my life" are entirely conclusory.  Coupled with a failure to identify the nature of the court hearing, Plaintiff fails to plausibly allege he suffered a reasonably substantial effect on his ability to defend against a charge against

him as necessary to state a procedural due process claim. *Stincer*, 482 U.S. at 745; *Iqbal*, 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"), quoting *Twombly*, 550 U.S. at 570.

To the extent Plaintiff claims the telephonic conference or lack of receipt of the court letter violated his substantive due process rights, he has failed to state a claim. In order to state a substantive due process claim, Plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). Behavior which shocks the conscience can be shown by "conduct intended to injure in some way unjustifiable by any government interest." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Even assuming Plaintiff could allege Defendants' actions satisfied this standard, he has not plausibly alleged a deprivation of his liberty arising from Defendants' actions. As with his access to courts and procedural due process claims, the allegations of adverse effect on Plaintiff's ability to defend himself at the court hearing, either because he was not permitted to attend via video conference or because he was not able to adequately prepare without receipt of the court letter, are too conclusory to plausibly allege that a deprivation of his liberty arose from either event. In other words, Plaintiff has not identified the alleged adverse effect he claims arose from those events and has therefore failed to plausibly allege a due process claim.

To the extent Plaintiff alleges a due process violation arising from the manner in which his inmate grievances were handled, he has failed to state a claim because there is no independent constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a [state prison] grievance procedure."); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (noting that although prisoners have a federal constitutional right to petition the government for redress of grievances and access to the courts, those rights are "not

compromised by the prison's refusal to entertain his grievance.")  Thus, with respect to the allegations of inadequate processing of Plaintiff's grievance, the Complaint fails to state a claim because there is no constitutional requirement regarding how a grievance system is operated.  *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

### 3. Supervisory Liability

Finally, Plaintiff seeks to hold all Defendants liable in their supervisory capacities over the RJD employees who were responsible for ensuring Plaintiff received his legal mail and made his court appearance via video conference rather than over the telephone.  Plaintiff has not plausibly alleged a 42 U.S.C. § 1983 claim against any Defendant in their supervisory capacity.

"[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 676-77 (rejecting argument that "a supervisor's mere knowledge of his subordinate's [unconstitutional actions] amounts to the supervisor's violating the Constitution.")  Rather, "[a] supervisory official may be held liable under § 1983 only if 'there exists either (1) his or her personal involvement in the constitutional violation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018), quoting *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).  "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them."  *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted).  Plaintiff must identify individual acts or omissions by each Defendant he contends resulted in a constitutional violation.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

Based on the foregoing, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

**D.     Leave to Amend**

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**IV.    Conclusion and Orders**

Good cause appearing, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2.     **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2).

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

DATE: December 12, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE